UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARL R. BROWN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-111 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on movant's "Extraordinary Writ – Pursuant to Rule 21(a) Due Process Violation." Petitioner, a federal prisoner, seeks to modify the sentence imposed in *United States v. Brown,* 4:12CR0004 RWS (E.D. Mo.). He argues that his criminal indictment and conviction on multiple § 924(c) charges, based on the same underlying predicate offense, was in violation of his due process rights.

Movant previously filed a motion to vacate, modify or correct sentence under 28 U.S.C. § 2255 challenging this same sentence on October 31, 2013. *See Brown v. United States,* 4:13CV2204 RWS (E.D. Mo.). The motion to vacate was denied on the merits on April 7, 2015. *Id.* Movant appealed the denial of his motion, and the Eighth Circuit Court of Appeals denied the application for certificate of appealability on July 20, 2015. *Brown v. United States,* No. 15-1933 (8th Cir. 2015). Movant's request for authorization to file a successive habeas action was denied by the Eighth Circuit on March 30, 2017. *Brown v. United States*, No. 16-4561 (8th Cir. 2017).

Movant filed the instant "Extraordinary Writ – Pursuant to Rule 21(a) Due Process Violation" after attempting to file several frivolous post-trial motions in both his § 2255 action as well as his criminal action. The instant motion is his latest attempt to circumvent the AEDPA's

1

second or successive petition requirements simply by labeling the petition or motion as something other than what it is. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (pleading labeled as a Rule 60(b) motion that is in substance a habeas petition "should be treated accordingly").

A review of the argument in movant's motion illustrates that movant is once again attempting to assert that his conviction and sentence should be vacated. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004).

In this instance, the relief petitioner seeks is available only through a § 2255 motion. *See* 28 U.S.C. § 2255(a). Under 28 U.S.C. § 2255(h),

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Absent certification from the United States Court of Appeals, this Court lacks authority to grant the requested relief. As a result, the motion will be dismissed. *See* 28 U.S.C. § 2255, Rule 4.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether this action is successive under § 2255(h). Thus, I will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's "Extraordinary Writ – Pursuant to Rule 21(a) Due Process Violation" is **DENIED AND DISMISSED**.

**IT IS FURTHER ORDERED** that no Certificate of Appealability shall issue.

An Order of Dismissal will be filed with this Memorandum and Order.

								_/s/ Rodney W. Sippel_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 1st day of February, 2018.